IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TREANDOUS COTTON, | No. C 13-1239 WHA (PR) |
| Petitioner, | **ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS** |
| v. | |
| R. GROUNDS, | |
| Respondent. | |

## INTRODUCTION

Petitioner, a California prisoner, filed this pro se petition for a writ of habeas corpus challenging prison disciplinary proceedings at which he lost 360 "good time credits" for possession of an inmate-manufactured weapon. Respondent was ordered to show cause why the petition should not be granted. Respondent has filed an answer and a supporting memorandum, and petitioner has filed a traverse. For the reasons set forth below, the petition is **DENIED**.

## STATEMENT

On the morning of September 15, 2011, petitioner was walking on a patio when a correctional officer saw another inmate reach into petitioner's left shirt pocket. The officer stopped petitioner, searched him, and found three "bindles" wrapped in clear plastic. The bindles contained handwritten notes known as "kites." Petitioner was escorted to a holding cell, and correctional officers searched his cell. Officer Diaz found an inmate-manufactured weapon and a black-tar substance, later identified as heroin, underneath the left side of the cell's top bunk mattress. At the time of the cell search, the top bunk was assigned to petitioner's cell

mate, Jiles.

Prison officials issued petitioner a Rules Violation Report (RVR) charging him with "Possession of a Dangerous Contraband ([Inmate] Manufactured Weapon)." *See* 15 Cal. Code. Reg. 3006(a). Prior to the scheduled disciplinary hearing, petitioner was allowed to submit written questions related to the incident to Jiles and Officer Diaz, who provided written responses. Petitioner also requested that Officer Quezada, Officer Diaz and Jiles appear as witnesses at the hearing. The hearing officer denied petitioner's request to have Officer Quezada and Jiles present as witnesses during the hearing, but allowed Officer Diaz to be made available by telephone. Based on the evidence presented during the hearing, petitioner was found guilty of possessing an inmate-manufactured weapon under 15 Cal. Code. Reg. 3006(a) resulting in his forfeiture of 360 good time credits.

Petitioner filed a habeas petition in the California Supreme Court challenging the disciplinary finding and loss of good time credits. The petition was summarily denied. Petitioner then filed the instant federal petition.

**ANALYSIS**

I. **Underground Regulation**

Petitioner claims that the disciplinary hearing's findings were based on evidence that he was in "constructive possession" of contraband. Petitioner claims that this violated his right to due process because prison regulations did not prohibit constructive possession of contraband at the time of the offense, and therefore the disciplinary findings amounted to an improper promulgation of an "underground regulation."

The premise of this claim is incorrect. Nowhere in the record does it say that petitioner was charged with or found guilty of constructive possession of the weapon, nor did prison officials base their finding of guilt on a constructive possession theory. Petitioner was found guilty of "possession" of an inmate-manufactured weapon under 15 Cal. Code. Reg. 3006(a). At the time of his offense, this section did not prohibit or include the phrase "constructive possession." Therefore, petitioner's conviction under 15 Cal. Code. Reg. 3006 (a) does not imply a finding of constructive possession.

2

Furthermore, petitioner's "underground regulation" argument is based on his assertion that the California Department of Corrections and Rehabilitation (CDCR) did not comply with the California Administrative Procedures Act. Such alleged errors in the application of state law do not state a federal question cognizable in federal habeas corpus. *Wilson v. Corcoran*, 131 S. Ct. 13, 16 (2010) ("[I]t is not the province of a federal habeas court to reexamine state-court determination on state-law questions.") (quoting *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991)) (internal quotation marks omitted).

Petitioner has not shown that his federal constitutional rights were violated by prison officials' promulgation of an "underground regulation." Consequently, he is not entitled to federal habeas relief on this claim.

II. **Some Evidence**

Petitioner claims that the disciplinary findings violated his constitutional right to due process because the findings were not supported by "some evidence" in the record. *See Superintendent v. Hill*, 472 U.S. 445, 454-55 (1985). To determine whether the findings were supported by "some evidence," an examination of the entire record is not required nor is an independent assessment of the credibility of witnesses or weighing of the evidence. *Id.* at 455. The relevant question is whether there is *any* evidence in the record that could support the conclusion reached by the disciplinary board. *Ibid.*

At the time of the offense, Section 3006(a) provided that "[i]nmates may not possess or have under their control any weapon ..." Although petitioner occupied the cell's lower bunk, he had unobstructed access to the mattress located directly above him where correctional officers discovered the weapon. This constitutes "some evidence" that the weapon was "under [his] control." Consequently, petitioner's due process rights were not violated and he is not entitled to federal habeas relief on this claim.

III. **Inability to Call Witnesses**

Petitioner claims that he was improperly prevented from calling witnesses during his disciplinary hearing. Where, as here, a prison disciplinary hearing results in the loss of good time credits, due process requires, among other things, "that the inmate must receive . . . an

3

1  opportunity . . . to call witnesses and present documentary evidence in his defense." *Hill*, 472
2  U.S. at 454. However, the Court has held that an inmate's right to call witnesses during a
3  disciplinary can be limited at the discretion of prison officials in several circumstances. *Wolff*,
4  418 U.S. at 566. Officials can deny prisoners' witness requests where permitting a witness to
5  appear during a disciplinary hearing would be "unduly hazardous to institutional safety or
6  correctional goals." *Ibid.* In addition, officials can deny the admission of witnesses that would
7  be immaterial or would only provide testimony redundant to the information already present in
8  the record. *See ibid.* "Prison officials must have the necessary discretion ... to refuse to call
9  witnesses [for reasons such as] irrelevance [or] lack of necessity ..." *Ibid.*

10  Petitioner asserts that the hearing officer violated his due process rights by improperly
11  denying his request to call three witnesses: Officer Quezada, Officer Diaz and Jiles. Petitioner
12  claims that the hearing officer's refusal to admit Officer Quezada as a witness was improper
13  because, although Quezada was not listed in the incident report as a participant in the search of
14  petitioner's cell, Officer Diaz confirmed in his written responses to petitioner's questions that
15  Quezada accompanied Diaz in the cell search. Petitioner does not suggest, however, or offer
16  any indication as to the content of Quezada's testimony or how it might have differed from
17  Diaz's account in his written responses to petitioner's questions. Officials can deny the
18  admission of witnesses that would only provide testimony redundant to the information already
19  present in the record. *See ibid.* As there is no allegation or indication that Quezada would have
20  provided any evidence that differed from that already provided by the other witnesses,
21  petitioner has not shown that denial of petitioner's request to produce Officer Quezada as a
22  witness was improper.

23  Second, petitioner claims that the hearing officer improperly denied his request to call
24  Officer Diaz as a witness during the hearing. Although the hearing officer denied petitioner's
25  request to have Officer Diaz physically appear during the disciplinary hearing, the hearing
26  officer did ensure that Officer Diaz was made available during the hearing over the phone.
27  Petitioner did not avail himself of the opportunity to call Diaz by telephone, but this does not
28  negate the fact that Officer Diaz was available as a witness during the disciplinary hearing.

4

Petitioner supplies no authority that there is some right to have a witness appear in person at a prison disciplinary hearing, or that the witness's availability by telephone at such a hearing is insufficient to satisfy the federal right to due process.

Third, petitioner claims that the hearing officer improperly refused to allow petitioner's cell mate Jiles to testify at the disciplinary hearing. The hearing officer stated that he denied petitioner's request to call Jiles as a witness because petitioner agreed not to have Jiles present during the hearing, and said that he had no additional questions beyond the written questions that Jiles had already answered. Petitioner denies that he agreed not to have Jiles present during the hearing. Even if petitioner did not agree to Jiles's absence, there is no due process violation because there is no evidence, or even allegation, that Jiles would have provided any new or different testimony from the written answers he submitted to petitioner's questions. Jiles already stipulated in his written testimony that petitioner had no knowledge of the contraband located in the cell and that the contraband belonged to Jiles. Petitioner has not alleged what, if anything, Jiles' live testimony at the disciplinary hearing would have added to this account. As a result, petitioner has not proven that prison officials acted outside of their authorized discretion when they declined to call Jiles as a live witness for reasons of irrelevance or lack of necessity.

Petitioner has not proven that the hearing officer violated his right to due process by refusing to call Officer Quezada, Officer Diaz and Jiles as witnesses at the disciplinary hearing. Consequently, petitioner is not entitled to federal habeas relief on this claim.

## CONCLUSION

The petition for a writ of habeas corpus is **DENIED**.

Rule 11(a) of the Rules Governing Section 2254 Cases now requires a district court to rule on whether a petitioner is entitled to a certificate of appealability in the same order in which the petition is denied. Petitioner has failed to make a substantial showing that his claims amounted to a denial of his constitutional rights or demonstrate that a reasonable jurist would find the denial of his claims debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Consequently, no certificate of appealability is warranted in this case.

5

Case 3:13-cv-01239-WHA  Document 17  Filed 07/09/14  Page 6 of 6

The clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: July  8 , 2014.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

6